IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT
WILKESBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case Number: 08-50862 |
| | ) | Chapter: 12 |
| CELTIC UNICORN, LLC, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## Chapter 12 Plan

The Chapter 12 Debtors say:

**TAKE NOTICE**: Your rights may be affected.  You should read the plan carefully, including any motions contained in the plan, and discuss them with your attorney, if you have one.  If you do not have an attorney, you may wish to consult one.

If you do not wish the Court to confirm the proposed plan of the debtor, including any of the motions included in the plan, or if you want the Court to consider your views on these matters, then you or your attorney must file with the Court a written objection to confirmation and request for hearing on confirmation at the following address:

Clerk, U.S. Bankruptcy Court, PO Box 34189, Charlotte, NC 28234-4189

**The Hearing will be held on December 5th, 2008, at 9:30 a.m.** in United States Bankruptcy Court, located at 207 West Main Street, Wilkesboro, NC  28697.

Part I.

1. The debtors are family farmers and qualify under 11 USC Section 109 (f) and Section 101(17) and (18).
2. Steven G. Tate, Esquire is the Chapter 12 Trustee.
3. The Chapter 12 debtor  owns real property described in schedule A as:

> "223 Pine Hill Road Boone, North Carolina.  17.768 Acres.  This property consists of pasture land one large barn and other assorted farm structures.  There is no home on the property.  The large barn does have an apartment in it.  The property has been listed for sale at $995,000 and Celtic has had no takers.  Celtic paid $450,000 in 2004.  A Foreclosure sale was held on 7-17-2008.  Blue Ridge Bank, the first lien holder bid $392,000.00 at the foreclosure sale."

4. The debtor only owns only a small number of farming implements necessary for the running of a Horse Farm. The value of these items is under $300.00.

## Part II.

5. The debtor has priority creditors as follows:
    a. The Internal Revenue Service in the amount of approximately $11,000.00.
    b. The North Carolina Department of Revenue in the amount of approximately $1,000.00.
6. The debtor owes secured debt in the following amounts:
    a. Blue Ridge Savings Bank in the amount of $388,777.40.
    b. Self Help Credit Union in the approximate amount of $47,000.00.
    c. Watauga County Tax Office in the approximate amount of $3,3780.00.
7. The debtor owes unsecured debt in the approximate amount of $6,546.00 as indicated on schedule F of the petition.

## Part III- INCOME and EXPENSES

The debtor will continue to operate their horse farm from which they should receive approximately $8,562.00 in monthly gross receipts. The debtor spends approximately $4339.00 to maintain their horse farm. This figure does not include the servicing of the debt.

## Part IV- PLAN OF REORGANIZATION

The debtor's plan is to continue to operate the horse farm and to pay creditors from the proceeds of the income from the horse farm. The debtor, at this time, does not propose to sale any assets to pay a dividend to any creditors. The debtor however as mentioned in schedule A has contemplated a sale of the farm property.

The debtor proposes to pay its creditors as follows:

Class 1. Administrative. The plan will first pay all administrative claim expenses including but not exclusively- Court costs, accountant(s), trustee expenses, attorney for the trustee (if any), attorney for the debtor and any other administrative expenses so ordered by the Court.

Class 2. Priority claims of governmental units to the extent they are entitled to priority under 11 USC Section 507 shall be shall be paid outside of the plan by the debtor or the debtor's members.

Class 3. Secured Claim of Blue Ridge Savings Bank shall be paid pursuant to a Consent Order entered on October 24th, 2008.

Class 4.  Secured Claim of Self Help shall be paid outside of the plan per the original contract.

Class 5.  Secured Claim of Watauga County Tax Office shall be paid outside of the Plan per the Consent Order entered on October 24th, 2008.

Class 6.  Unsecured Claims in the approximate amount of $6,546.00 by monthly payments over a 5 year period.  Payments shall be made to the Chapter 12 Trustee by regular monthly payments of $135.00 per month beginning on January 1st 2009.  Any sale of assets and payment from sale shall obviate the requirement of monthly payments.

### TRUSTEE

It is contemplated that the Chapter 12 Trustee, Steven G. Tate, shall be compensated by a 10% dividend paid on all proceeds paid through his office.

### Part V  PROVISIONS

A. General provisons:  Notwithstanding any of the terms and conditions of the plan, disputed claims shall be paid only upon allowance of the Court.  Upon confirmation, the debtor will be revested with their assets subject only to all outstanding liens which are not avoidable by the debtors under the provisions of Title 11 of the Code, and entitled to manage their affairs without further Orders of this Court.  However , subject to the debtor being so revested with their assets, the Court will retain jurisdiction until the plan has been fully completed, for the purposes of bringing adversaries, objections to claims, collecting accounts receivables, avoidance actions, post confirmation, or as otherwise indicated in this plan or Confirmation Order.  The debtor specifically reserves the right to object to any and all claims, post confirmation, and all claims are deemed objected to until the plan is substantially complete and / or allowed by the Court.

B. Effective Date.  The effective date of this plan shall be 60 days from the date the Court enters its Order Confirming this Plan.

### Part VI.  Compliance

A. Compliance with Laws and Good Faith.  The debtor believes that the plan complies with all provisions of Chapter 12 and any other applicable provisions of the Bankruptcy Code, that the Plan has been proposed in Good Faith and not by any means prohibited by law, and that all fees, charges or any amounts required to be paid before confirmation have been paid.
    The plan:
    a. Provides for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan;

b. Provides for the full payment, in deferred cash payments, of all claims entitled to priority under 11 USC Section 507, unless the holder of a particular claim agrees to a different treatment of such claim.
c. Provides for the same treatment for each claim or interest within a particular class unless the holder of a particular claim or interest agrees to less favorable treatment;
d. Designates a class or classes of unsecured claims as provided in 11 USC section 1122 but does not discriminate unfairly against any class so designated;
e. Modifies the rights of holders of secured claims or unsecured claims;
f. Provides for the curing or the waiving of any default;
g. Provides for payments on any unsecured claim to be made concurrently with payments on secured claim or any unsecured claim;
h. Provides for the assumption, rejection, or assignment of any executory contract or unexpired lease of the debtor not previously rejected.
i. Provides for the payment of all or part of the claims consistent with 11 USC Section 1225(a)(5) over a period exceeding the period permitted under 11 USC Section 1222(c);
j. Provides for the vesting of the estate, upon confirmation of the plan or at a later time as determined by the Court;
k. Is contemplated to be 5 years pursuant to Court permission under 11 USC Section 1222(c);
l. Complies with the provisions of 11USC section 1201 et seq. and with other applicable provisions of that title;
m. Has been proposed in good faith and not by any means prohibited by law;
n. Provides that the value, as of the effective date of the plan, of property to be distributed under the plan on account of such allowed secured claim is not less than the amount that would be paid on such claim if the estate of the debtor was liquidated under Chapter 7 of 11 USC Section 701 et seq. on such date;
o. Provides with respect to each allowed secured claim called for by the plan that the holder of such claim has accepted the plan, retains the lien securing such claim and that the value, as of the effective date of the plan, of property to be distributed by the Trustee or the debtor under the plan on account of such claim is not less than the allowed amount of such claim;
p. Provides, as of the effective date of the plan, that the value of the property to be distributed under the plan to allowed unsecured claims on account of such claim is not less than the amount of the claim;
q. Provides that all of the debtor's projected disposable income to be received in the three year period, or such longer period as the Court may approve under 11 USC Section 1222(c), beginning on the date that the first payment is due under the plan will be applied to make payments under the plan;

B. Feasibility. Based upon the projected income and expenditures contained in this Chapter 12 schedules, the debtor believes that it will be able to make all payments required under this plan.

### Part VII- Discharge

Pursuant to 11 USC Sections 1227, 1228, 523, 524 and 727, any and all amounts due by the debtors, guarantors, cosigners, or other obligors to the debtor's general creditors shall be discharged upon completion of the same Chapter 12 plan. Secured creditor's debts, as modified and amended, shall be discharged by plan payment.

The debtors declare under penalty of perjury that the foregoing statements are true and correct to the best of their knowledge.

This the 27th day of October, 2008.

/s/ Vivien Hay
Vivien Hay, Member
Member-Manager of Celtic Unicorn, LLC


/s/Thomas C. Flippin
Thomas C. Flippin
NC State Bar 29210
PO Box 429
Elkin, NC 28621
336-526-2982